## LUFKIN *versus* PATTERSON.

The mere proof that the master sailed a vessel " on shares," will not author-ize one of the part owners to be a witness for the master, in a suit against him for wages of one of the crew.

In an action for *services rendered,* no damages can be recovered for the violation of a contract.

ON EXCEPTIONS from *Nisi Prius,* RICE, J., presiding.

ASSUMPSIT to recover *balance of wages* alleged to be due for plaintiff's minor sons, on board brig R. Patterson, of which defendant was master.

There was evidence tending to show, that the full amount of the wages agreed upon had not been paid, and that one of the plaintiff's sons had been discharged in a distant port before the termination of the voyage.

The defendant called as a witness, Robert Patterson, a part owner of the brig, who was objected to by plaintiff on the ground of interest; but on proof, that the brig was sail-ed by the defendant " on shares," at the time the services were performed, he was admitted by the Court.

The Court instructed the jury, that the plaintiff could not recover for damages, claimed for alleged breach of contract, because the writ contained no such count in which such claim for damages was set up.

The plaintiff excepted to the ruling and instruction.

*Dickerson,* in support of the exceptions.

*Heath, contra.*

TENNEY, J. — This action is for the recovery of the bal-ance of wages of the plaintiff's minor sons on board the brig R. Patterson of Belfast, of which the defendant was master. The plaintiff obtained a verdict, and filed excep-tions to the ruling of the Judge, in admitting as a witness, Robert Patterson, one of the owners of the brig; and also to the instruction to the jury, that the plaintiff could not recover in this case for the alleged breach of the contract, the writ containing no appropriate count for such a claim.

From the facts, that the witness was an owner in the

brig, and that the defendant was the master, the presumption arose, that the former was interested in the earnings, and would be affected by the contracts, of the latter as master, touching the expenses incurred in her ordinary operations. But he was allowed to testify, upon its appearing, that the defendant sailed the vessel *on shares.* This fact alone would not make him a competent witness for the party, who called him. The defendant might have had even the control of the brig, under the contract, by which he took the same on shares, and have been the owner *pro hac vice,* and still be holden to render the owners a share of the *net* earnings, after deducting the charges for manning the vessel, and other expenses. In the absence of proof of the terms of the agreement, the presumption of interest, arising from ownership is not removed, and the witness was not competent.

2. The case finds, that the action was brought for an omission of the defendant to make full payment for services, which he had received of the plaintiff; and it does not appear, that any other cause of action was alleged. No claim was made in the writ for special damages arising from the failure to fulfil the contract, by making payment according to its import, and the instructions to the jury were not erroneous.                         *Exceptions sustained.*

SHEPLEY, C. J., HOWARD and HATHAWAY, J. J., concurred.